UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEOPLEREADY, INC.,<br><br>                      Plaintiff,<br>v.<br><br>NAUSET CONSTRUCTION CORPORATION – and –<br>TRAVELERS CASUALTY AND SURETY<br>COMPANY OF AMERICA,<br>                      Defendants. | 1:17-cv-12088-GAO |

## ANSWER OF NAUSET CONSTRUCTION CORPORATION

Nauset Construction Corporation ("Nauset") answers Plaintiff, Peopleready, Inc.'s ("Peopleready") Complaint, paragraph by paragraph, as follows:

### JURISDICTION AND VENUE

The Jurisdiction and Venue section of the Complaint asserts conclusions of law to which no response is required. To the extent the Jurisdiction and Venue section asserts facts against Nauset, they are denied.

### PARTIES

1. Nauset is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2. Nauset admits the allegations set forth in Paragraph 2 of the Complaint.

3. Upon information and belief, Nauset admits the allegations set forth in Paragraph 3 of the Complaint.

## FACTS COMMON TO ALL COUNTS

4. Nauset admits that it was the general contractor on the federal construction project for the construction of a Unit Training Facility for the National Guard at Camp Edwards, Otis Air Force Base, Cape Cod, MA ("Project") pursuant to Contract No. W912SV-13-C-0007.

5. Paragraph 5 of the Complaint sets forth conclusions of law to which no response is required. Answering further, Nauset states that Nauset, as principal, and Travelers Casualty and Surety Company of America ("Travelers"), as surety, executed a bond, the terms of which speak for themselves and the interpretation of which is a matter of law.

6. Nauset is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. Nauset admits that it entered into a Subcontract with CLP Resources, Inc. ("CLP") on or about March 8, 2016, the terms of which speak for themselves and the interpretation of which is a matter of law.

8. Nauset admits that it entered into a Subcontract with CLP, the terms of which speak for themselves and the interpretation of which is a matter of law. Answering further, Nauset states that CLP agreed to "[p]rovide manual labor to perform various jobs activities related to commercial construction."

9. Nauset admits that it entered into a Subcontract with CLP, the terms of which speak for themselves and the interpretation of which is a matter of law. Answering further, Nauset denies the allegations set forth in Paragraph 9 of the Complaint.

10. Nauset admits that CLP supplied certain labor to Nauset on the Project.

11. Nauset admits that it paid CLP and Peopleready at least $169,995.15. Nauset denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12. Nauset is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13. Nauset admits that it entered into a Subcontract with CLP, the terms of which speak for themselves and the interpretation of which is a matter of law.

14. Nauset admits that it paid CLP and Peopleready at least $169,995.15. Nauset denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15. Nauset denies the allegations set forth in Paragraph 15 of the Complaint.

## COUNT ONE – CONTRACT
**(Nauset)**

16. Nauset incorporates by reference its answers to Paragraph 1 through 15 above as though fully set forth herein.

17. Nauset denies the allegations set forth in Paragraph 17 of the Complaint.

18. Nauset admits that it paid CLP and Peopleready at least $169,995.15.

19. Nauset denies the allegations set forth in Paragraph 19 of the Complaint.

20. Nauset denies the allegations set forth in Paragraph 20 of the Complaint.

21. Nauset denies the allegations set forth in Paragraph 21 of the Complaint.

WHEREFORE, Nauset requests that Plaintiff's Complaint be dismissed, with prejudice, and that Nauset is awarded all costs, interest, damages, and attorneys' fees incurred in answering same.

## COUNT TWO – QUANTUM MERUIT
**(Nauset)**

22. Nauset incorporates by references its answers to Paragraphs 1 through 21 above as though fully set forth herein.

23. Nauset denies the allegations set forth in Paragraph 23 of the Complaint.

24. Nauset denies the allegations set forth in Paragraph 24 of the Complaint.

25. Nauset denies the allegations set forth in Paragraph 25 of the Complaint.

WHEREFORE, Nauset requests that Plaintiff's Complaint be dismissed, with prejudice, and that Nauset is awarded all costs, interest, damages, and attorneys' fees incurred in answering same.

### COUNT THREE – MILLER ACT
**(Nauset and Nauset)**

26. Nauset incorporates by reference its answers to Paragraph 1 through 25 above as though fully set forth herein.

27. Nauset denies the allegations set forth in Paragraph 27 of the Complaint.

28. Nauset admits the allegations set forth in Paragraph 28 of the Complaint.

29. Nauset denies the allegations set forth in Paragraph 29 of the Complaint.

30. Nauset denies the allegations set forth in Paragraph 30 of the Complaint.

WHEREFORE, Nauset requests that Plaintiff's Complaint be dismissed, with prejudice, and that Nauset is awarded all costs, interest, damages, and attorneys' fees incurred in answering same.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to assert claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the equitable doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Any damages claimed by Plaintiff result from the acts or omissions of third parties over whom Nauset has no control.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the equitable and legal doctrine of offset.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the equitable and legal doctrine of recoupment.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred in that Plaintiff did not substantially complete its work, nor did Plaintiff evidence an intent to substantially complete its work on the project.

**SEVENTH AFFIRMATIVE DEFENSE**

Nauset asserts all defenses available under the bond.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the doctrine of waiver.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by Plaintiff's material and willful breaches of the Subcontract.

**TENTH AFFIRMATIVE DEFENSE**

Peopleready is not owed any monies under the contract pursuant to Section 11.8.1 of the Subcontract because Nauset has not been paid by the Owner.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Complaint must be dismissed because Peopleready is required to mediate any dispute pursuant to Article 6 of the Subcontract.

**TWELFTH AFFIRMATIVE DEFENSE**

CLP and Peopleready are unable to collect any monies allegedly owed under the contract because CLP and Peopleready failed to comply with the Davis-Bacon Act, which is a material breach of the Subcontract.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed because, pursuant to Section 7.4.2 of the Subcontract, CLP was required to obtain written consent prior to any assignment of the Subcontract.

## FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to Section 6.2.1 of the Subcontract, Nauset has the right to demand arbitration and Nauset retains the right to demand that Plaintiff submit to arbitration.

## FIFTEENTH AFFIRMATIVE DEFENSE

Nauset reserves the right to assert any additional affirmative defenses as may become available and to amend its Answer to assert the same.

WHEREFORE, Nauset Construction Corporation requests that Plaintiff's Complaint be dismissed, with prejudice, and that Nauset Construction Corporation is awarded all costs, interest, damages, and attorneys' fees incurred in answering same.

Nauset Construction Corporation seeks such other and further relief that this Honorable Court deems equitable and just.

Respectfully submitted,

**NAUSET CONSTRUCTION CORPORATION,**

By its attorneys,

/s/ Elise M. Kuehn
John J. McNamara, Esq.
BBO No. 557882
Elise M. Kuehn, Esq.
BBO No. 688829
LANE McNAMARA, LLP
257 Turnpike Road, Suite 240
Southborough, Massachusetts 01772
(508) 905-1010
jmcnamara@lanemcnamara.com
ekuehn@lanemcnamara.com

Dated: January 9, 2018

## **CERTIFICATE OF SERVICE**

I, Elise M. Kuehn, do hereby certify that on January 9, 2018, I electronically filed with the Clerk of the United States District Court, District of Massachusetts: Answer of Nauset Construction Corporation and served same in the following manner upon the interested parties:

E-Mail Service: via the Court's CM/ECF system which, upon information and belief, sent notification of such filing to all attorneys of record, including the following:

- Christopher S. Tolley: ctolley@phillips-angley.com

Mail Service: via first-class mail, postage pre-paid, addressed to:

- None

/s/ Elise M. Kuehn
Elise M. Kuehn